**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 20-cv-02702-RM-SKC

**KATELYN SCHILLER,**

    Plaintiff;

v.

**THE BOARD OF GOVERNORS OF THE COLORADO STATE UNIVERSITY SYSTEM, BY AND ON BEHALF OF COLORADO STATE UNIVERSITY;
OVATIONS FOOD SERVICES, LP (d/b/a SPECTRA FOOD SERVICES AND HOSPITALITY);
MICHAEL BEST; and
SCOTT SCHELL,**

    Defendants.

---

**SCHEDULING ORDER**

---

    **1.**    **DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

The scheduling conference occurred at 10:30 AM on January 5, 2021 before United States District Court Magistrate Judge S. Kato Crews. The following counsel attended:

Plaintiff, Katelyn Schiller, was represented by:

| | |
|---|---|
| Clifford L. Beem | S. Birk Baumgartner |
| A. Mark Isley | Sean Simeson |
| Danielle C. Beem | Baumgartner Law, LLC |
| Beem & Isley, P.C. | 300 East Hampden Ave, Ste 401 |
| 730 – 17th Street, Suite 850 | Englewood, Colorado  80113 |
| Denver, Colorado 80202 | 720.629.9418 |
| 303.894.8100 | Fax:  720.634.1018 |
| Fax:  303.894.8200 | birk@baumgartnerlaw.com |
| clbeem@beemlaw.net | sean@baumgartnerlaw.com |
| amisley@beemlaw.net | |
| dcbeem@beemlaw.net | |

1

Defendant, Board of Governors of the Colorado State University System, was represented by:

    Skippere Spear
    Colorado Attorney General's Office
    Ralph L. Carr Colorado Judicial Center
    1300 Broadway
    Denver, Colorado  80203
    720.508.6000
    Fax:  720.508.6032
    Skip.spear@coag.gov
    Andrew.katarikawe@coag.gov
    Lauren.davison@coag.gov
    Patrick.warwick-diaz@coag.gov

Defendant, Ovations Food Service, LP, d/b/a Spectra Food Services and Hospitality, was represented by:

    Jacqueline R. Guesno
    Jonathan H. Geneus
    Jackson Lewis P.C.
    950 – 17th Street, Suite 2600
    Denver, Colorado  80202
    303.892.0404
    Jacqueline.guesno@jacksonlewis.com
    Jonathan.geneus@jacksonlewis.com

Defendant, Michael Best, was represented by:

    Craig A. Silverman
    Springer & Steinberg, P.C.
    1600 Broadway, Suite 1200
    Denver, Colorado  80202
    303.861.2800
    Fax:  303.832.7116
    csilverman@springersteinberg.com

Defendant, Scott Schell, was represented by:

>  Jeffrey S. Pagliuca, Esq.
>  Haddon Morgan & Foreman, P.C.
>  150 East 10th Avenue
>  Denver, Colorado  80203
>  303.831.7364
>  Fax:  303.832.2628
>  jpagliuca@hmflaw.com

### 2.    STATEMENT OF JURISDICTION

This Court has jurisdiction because this action is brought pursuant to the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1988; 20 U.S.C. § 1681-1688 (Title IX of the Education Amendments of 1972); 42 U.S.C. § 2000e (Title VII of the Civil Rights Act of 1964); and 29 U.S.C. 701 and 794 (Section 504 of the Rehabilitation Act of 1973); and Colorado State Common Law.  Jurisdiction is founded upon 28 U.S.C. § 1331, § 1343(a)(3) and (4), and 28 U.S.C. § 1367 (supplemental jurisdiction).  Defendants Best and Schell have not admitted supplemental jurisdiction at this time, which the Parties recognize is discretionary with the Court.

### 3.    STATEMENT OF CLAIMS AND DEFENSES

**Plaintiff:**

Plaintiff Katelyn Schiller is a 20-year-old student at Colorado State University ("CSU") who was employed at the CSU Football Stadium as a food/drink server to the private seating areas, called "loge boxes."  One of these loge boxes was leased by Defendant Michael Best, a "booster" alumnus with a personal relationship to members in the CSU football administration, including Joe Parker, the CSU Athletics Director.  During three separate football games, Defendant Best physically and sexually molested Plaintiff by grabbing her and touching her without her consent

in private and inappropriate parts of her body. During one game, Defendant Best's guest, Defendant Scott Schell, similarly molested Plaintiff. Joe Parker, other CSU administration officials, and Defendant Ovations Food Services ("Spectra") were immediately made aware of these assaults but took no action. After several complaints, Defendants Spectra, Best, and CSU colluded to have Plaintiff demoted, and CSU even awarded Defendant Best with an upgrade to the Presidential Suite for the remainder of the football season. At no time did either Defendant CSU or Defendant Spectra ever take any corrective action. Plaintiff was ultimately constructively terminated from her job. As a result of the actions by all Defendants, Plaintiff lost educational opportunities and suffered severe psychological distress that manifests as serious physical injuries.

B. **<u>Defendant, Board of Governors of the Colorado State University System</u>:**

The Board of Governors of the Colorado State University (CSU) generally denies Schiller's allegations. Many of Schiller's allegations are not supported by any evidence and are contrary to what occurred—such as Schiller's claims that she timely informed CSU of the alleged harassment and CSU failed to respond. While Schiller alleges that CSU failed to adhere to Title IX, she simultaneously omits the details of the Title IX investigation that CSU performed from the amended complaint. CSU conducted a thorough and complete Title IX investigation into Schiller's allegations, which began immediately after Schiller provided CSU with full notice of her allegations and then lasted more than eight months. Schiller also omits from the amended complaint that she refused to participate in the Title IX investigation, on the advice of counsel, and instead filed this lawsuit.

C.  **Defendant, Ovations Food Services, LP, d/b/a Spectra Food Services and Hospitality:**

Ovations Food Services, L.P. d/b/a Spectra Food Services and Hospitality ("Spectra") generally denies Plaintiff's allegations. Spectra did not discriminate or retaliate against Plaintiff, and likewise did not subject Plaintiff to a hostile work environment. Many of Schiller's allegations are not supported by any evidence and are contrary to what occurred, including Schiller's allegations she timely reported any alleged harassment to Spectra or that Spectra failed to take any remedial or protective actions based on the conduct that Schiller *did* report.

While Plaintiff alleges she was "assigned by Spectra to serve Defendant Best's private box [for the October 5, 2019 football game]…despite her repeated complaints," she omits that she was assigned to serve the loge box only *after* Plaintiff confirmed she felt comfortable working in the loge box at this game.

There is also no evidence to support Plaintiff's assertion that she "resigned her position with Defendant Spectra as a result of her constructive termination rather than being reassigned to a significantly lesser role where she would earn less income." In fact, Plaintiff would have received greater tips had she chosen the alternative role. Ultimately, Plaintiff voluntarily resigned despite Spectra's efforts to place Plaintiff in a position that was acceptable to her.

D.  **Defendant, Michael Best:**

Mr. Best denies that he "molested," "harassed," "assaulted," "sexually assaulted" or inappropriately touched the plaintiff at any time. Mr. Best has asserted the following affirmative defenses:

1.  Plaintiff's Amended Complaint fails to state a claim for relief against Mr. Best.

2.     Plaintiff has failed to mitigate any claimed damages.

3.     Any damages or injuries claimed by Plaintiff were caused by her own negligent conduct.

4.     Any damages or injuries claimed by Plaintiff were caused by the conduct of individuals other than Mr. Best.

5.     Mr. Best reserves the right to amend his Answer to assert additional affirmative defenses or counterclaims.

E.     **Defendant, Scott Schell:**

Mr. Schell denies that he "molested," "harassed," "assaulted," "sexually assaulted" or inappropriately touched the plaintiff at any time. Mr. Schell has asserted the following affirmative defenses:

1.     Plaintiff's Amended Complaint fails to state a claim for relief against Mr. Schell.

2.     Plaintiff has failed to mitigate any claimed damages.

3.     Any damages or injuries claimed by Plaintiff were caused by her own negligent conduct.

4.     Any damages or injuries claimed by Plaintiff were caused by the conduct of individuals other than Mr. Schell.

5.     Mr. Schell reserves the right to amend his Answer to assert additional affirmative defenses or counterclaims.

## 4. UNDISPUTED FACTS

1. Plaintiff was a student at CSU in the 2019/2020 school year.

2. Plaintiff worked for Defendant Spectra during September and October 2019.

3. Defendant Best was in his box at the CSU stadium on September 7, 2019.

4. Defendant Best was in his box at the CSU stadium on September 21, 2019.

5. Defendant Best was in his box at the CSU stadium on October 5, 2019.

6. Defendant Schell was in Defendant Best's box at the CSU stadium on October 5, 2019.

## 5. COMPUTATION OF DAMAGES

**Plaintiff's Damages:**

Plaintiff is requesting that she be compensated for all of her medical bills, pain and suffering, attorneys' fees, and punitive damages as required. Plaintiff maintains a good faith belief that with pain, suffering, trauma, and lost opportunity, her non-economic damages are estimated to be approximately $2,500,000.00. Plaintiff maintains a good faith belief, based upon public research and shifting social attitudes, that a jury could award a punitive sanction of an amount up to the full value of her actual damages. These estimates may change during the course of discovery and as the case progresses. Plaintiff's attorneys' fees have not yet been determined, but they continue to accrue as this case proceeds forward.

Defendants' Damages:

Defendants intend to seek the fees and costs incurred in defending this action.

## 6.     REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a.     Date of Rule 26(f) meeting: December 23, 2020.

b.     Names of each participant and party he/she represented:

Plaintiff was represented by Birk Baumgartner, Danielle Beem and Clifford Beem.

Defendant The Board of Governors of the Colorado State University System was represented by Skipper Spear.

Defendant Ovations Food Services, LP, d/b/a Spectra Food Services and Hospitality was represented by Jaqueline Geusno and Jonathan Geneus

Defendant Michael Best was represented by Craig Silverman.

Defendant Scott Schell was represented by Jeffrey Pagliuca.

c.     <u>Statement as to when Rule 26(a)(1) disclosures were made or will be made</u>: January 26, 2021.

d.     <u>Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).</u>

Plaintiff is compiling medical records and they may not arrive before the January 26, 2021 deadline. Records not produced on or before January 26, 2021 will be disclosed at a reasonable time after the proposed initial disclosure deadline, subject to further order of the Court.

e.     <u>Statement concerning any agreements to conduct informal discovery:</u> None.

f.     <u>Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.</u>

The parties agree that they will serve by email or electronic means all discovery requests and written responses and any other papers that are not filed through the CM/ECF system unless

doing so is not technically feasible, in which case those documents will be served via first-class mail or overnight delivery. The parties agree that document productions may be served on disc or thumb drive via first-class mail or through a file-sharing system.

The parties agree to take all reasonable steps to reduce discovery costs and litigation costs through use of a unified exhibit numbering system for deposition exhibits and where otherwise appropriate, utilizing Bates numbered labeling system for documents and items produced during the course of litigation.

The parties agree that remote depositions will be discussed in good faith whenever practical and technically feasible.

The parties agree to produce to the other parties any documents obtained via subpoena from a third party or through any open record act (including FOIA and CORA) related to this case to the extent permitted by law

The parties agree that the production of privileged or protected documents (including electronic documents) without the intent to waive that privilege or protection does not constitute a waiver, so long as the disclosing party identifies the inadvertently disclosed documents within a reasonable time. If such documents are identified, they will be returned promptly to the disclosing party.

g. <u>Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form</u>.

The parties anticipate that Plaintiff's claims will involve electronically stored information, or that a significant amount of disclosure or discovery will involve information or records maintained in electronic form.

If there is electronically stored information, then the parties agree that ESI may initially be produced in PDF rather than native format. The parties agree that where the document or information produced does not indicate information that may be important (such as the date, location and specific terminal on which the document was created or modified, the sender and all recipients, and other metadata), the parties should discuss whether and how such information may be produced.

      h.    <u>Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case</u>.

The parties have had settlement discussions but did not make much progress. The parties are open to discussing the possibility of settlement as the case proceeds.

### 7.    CONSENT

The parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8.    DISCOVERY LIMITATIONS

**Plaintiff may serve 25 interrogatories on each defendant. Defendants may serve one collective set of discovery focused on damages, not to exceed 10 interrogatories, 10 requests for production, and 10 requests for admission. Each defendant may serve 15 interrogatories, 15 requests for production, and 15 requests for admission on Plaintiff and any other party. Plaintiff may take 10 depositions and defendants may each take 5 depositions.**

      a.    ~~Plaintiff proposes that each side shall be limited to 10 depositions and 40 interrogatories, including all discrete subparts. Plaintiff shall constitute one side, and the four (4) Defendants, collectively, shall constitute the other side.~~

10

~~Defendants propose that Plaintiff shall be limited to 10 depositions and that each Defendant shall be limited to five depositions. Defendants further propose that each party may serve on any other party no more than 25 interrogatories, including discrete subparts.~~

b. Depositions shall be limited to one day of not more than seven hours.

c. ~~Plaintiff proposes that each side shall be entitled to propound 40 requests for production, 40 Requests for Admission of Facts, and 40 Requests for Admission of Genuineness of Documents, including all discrete subparts.~~

~~Defendants propose that each party may serve on any other party no more than 25 requests for production and 25 requests for admission.~~

d. Deadline for service of interrogatories, Requests for Production for Documents and/or Admissions shall be thirty (30) days prior **(8/31/2021)** to deadline for discovery cut-off.

e. Other planning or discovery orders:

Further, the parties anticipate filing a stipulated motion for protective order and proposed protective order to the Court to govern the production of confidential material. The parties further agree that no opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.L.CivR. 7.1(a). If the parties are unable to reach an agreement on a discovery issue after conferring, they shall follow the procedure for discovery disputes outlined in Magistrate Judge Crew's practice standards.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: **March 21, 2021**

b. Discovery Cut-off: **December** 30, 2021.

c. Dispositive Motion Deadline: **January 31, 2022**

d.   Expert Witness Disclosure

(1)   The parties shall identify anticipated fields of expert testimony, if any.

**Plaintiff's statement:**   Currently the Plaintiff anticipates one or more treating physicians or healthcare providers, and possibly an expert in general/common behaviors, damages, and injuries experienced by victims of sexual assault and/or harassment.

**Defendants' statement:**   In addition to rebuttal experts, defendant CSU anticipates calling experts in the fields of (1) Title IX procedures and investigations and (2) sporting event security, including video and CCTV monitoring.

The parties are not precluded from endorsing experts in other fields if required based on evidence and testimony produced during discovery.

(2)   Limitations which the parties propose on the use or number of expert witnesses.  **Each party is limited to 4 retained experts.  Defendants shall coordinate their experts to avoid redundancy.**

~~Plaintiff proposes each side shall each be limited to five (5) retained experts, not including rebuttal experts.~~

~~Defendants proposes that each party be limited to three (3) retained experts, not including rebuttal experts.~~

(3)   Plaintiff and Defendants shall disclose any affirmative experts who may be called to testify at trial under Rule 26(a)(2) and provide reports called for in Rule 26(a)(2)(B) on or before October 30, 2021.

(4)   Plaintiff and Defendants shall disclose any rebuttal experts who may be called to testify at trial under Rule 26(a)(2) and provide reports called for in Rule

12

26(a)(2)(B) on or before November 30, 2021.

e.     Identification of persons known to parties to be deposed:

**Plaintiff's List:**

1. Joe Parker
2. Steve Cottingham
3. Records Custodian, CSU
4. Defendant Michael Best
5. Susie Best also known as Susie Wargin
6. Defendant Scott Schell
7. Karla Lewis, General Manager of Spectra
8. Defendants' experts

**Defendants' List:**

1. Katelyn Schiller
2. Savionne Guidel
3. Abigail Hall
4. Noah Elston
5. Any additional third-party witness disclosed through discovery, including

Plaintiff's experts.

### 10.     DATES FOR FURTHER CONFERENCES

a.     Status conferences will be held in this case at the following dates and times:

b.     A final pretrial conference will be had at **March 31, 2022 at 10:00 a.m.** A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five business

days before the final pretrial conference.

c. STATUS REPORT **shall be filed no later than March 22, 2021 to** update on status of case/include description of activities in discovery; alert to any pending or unresolved discovery disputes; update on prospect and possibility of settlement.

## 11. OTHER SCHEDULING MATTERS

a. <u>Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement</u>.

None.

b. <u>Anticipated length of trial and whether trial is to the court or jury</u>.

Trial is to a jury. The parties anticipate the length of trial to be about seven (7) trial days.

c. <u>Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado</u>: None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 5th day of January, 2021.

BY THE COURT:

*s/ S. Kato Crews*

_____
United States Magistrate Judge

**APPROVED AS TO FORM:**

| BEEM & ISLEY, P.C. | BAUMGARTNER LAW, LLC |
|---|---|
| By s/Clifford L. Beem | By s/S. Birk Baumgartner |
| Clifford L. Beem | S. Birk Baumgartner |
| A. Mark Isley | Sean Simeson |
| Danielle C. Beem | 300 East Hampden Avenue, Suite 401 |
| 730 – 17th Street, Suite 850 | Englewood, Colorado 80113 |
| Denver, Colorado 80202 | 720.629.9418 |
| 303.894.8100 | Fax: 720.634.1018 |
| Fax: 303.894.8200 | birk@baumgartnerlaw.com |
| clbeem@beemlaw.net | sean@baumgartnerlaw.com |
| amisley@beemlaw.net | |

    dcbeem@beemlaw.net
        *Attorneys for Plaintiff*                        *Attorneys for Plaintiff*

PHILIP J. WEISER
Attorney General


By  s/Skippere Spear
    Skippere Spear, Sr Asst Attorney General
    Andrew M. Katarikawe, Sr Asst Attorney General
    Lauren Davison, Asst Attorney General
    J. Patrick Hizon Warwick-Diaz, Asst Attorney General
    Ralph L. Carr Colorado Judicial Center
    1300 Broadway
    Denver, Colorado  80203
    720.508.6000
    Fax:  720.508.6032
    Skip.spear@coag.gov
    Andrew.katarikawe@coag.gov
    Lauren.davison@coag.gov
    Patrick.warwick-diaz@coag.gov
        *Attorneys for Defendant Board of Governors of the Colorado State University System*

JACKSON LEWIS P.C.


By  s/Jacqueline R. Guesno
    Jacqueline R. Guesno
    Jonathan H. Geneus
    950 – 17th Street, Suite 2600
    Denver, Colorado  80202
    303.892.0404
    Fax:  303.892.5575
    Jacqueline.guesno@jacksonlewis.com
    Jonathan.geneus@jacksonlewis.com
        *Attorneys for Defendant Ovations Food Services, LP*
            *d/b/a Spectra Food Services and Hospitality*

HADDON MORGAN AND FOREMAN, P.C.


By  s/Jeffrey S. Pagliuca
    Jeffrey S. Pagliuca

    150 East 10th Avenue
    Denver, Colorado  80203
    303.831.7364
    Fax:  303.832.2628
    jpagliuca@hmflaw.com
        *Attorney for Defendant Scott Schell*


SPRINGER & STEINBERG, P.C.


By  s/Craig A. Silverman
    Craig A. Silverman
    1600 Broadway, Suite 1200
    Denver, Colorado  80202
    303.861.2800
    Fax:  303.832.7117
    csilverman@springersteinberg.com
        *Attorney for Defendant Michael Best*