# Benjamin DeGolia

| | |
|---|---|
| **From:** | Craig Silverman <csilverman@springersteinberg.com> |
| **Sent:** | Tuesday, September 21, 2021 4:14 PM |
| **To:** | Benjamin DeGolia |
| **Cc:** | Skip.spear@coag.gov; Lauren.davison@coag.gov; jennifer.hunt@coag.gov; Patrick.warwick-diaz@coag.gov; Elizabeth Pagliuca; jacqueline.guesno@jacksonlewis.com; juan.obregon@jacksonlewis.com; Heather Bolton; Matthew Cron; Ciara Anderson; Therese Kerr; Qusair Mohamedbhai; Jeff Pagliuca |
| **Subject:** | RE: Schiller v. Bd of Governors er al. - Extensions & Protective Order - Defendant Best objection to extensions -- availability for group Zoom call - no Doodle |

Ben,

Defendant Best continues to oppose plaintiff Schiller's efforts at extensions given his experience as a man falsely, publicly, and repeatedly accused of SEXUAL ASSAULT by Ms. Schiller and her prior counsel. This was a false claim and public depiction of defendant Best ultimately withdrawn in amended complaints.

Prior to that despicable public defamation of defendant Best and his spouse, Schiller's prior counsel several times sought to strong-arm a pre-filing monetary settlement from defendant Best. This unfortunate and meritless case was filed long ago, and the Complaint has been amended many times. Every extension and request for extension causes added expense and anxiety for defendant Best. A thorough review of the evidence provided by plaintiff herself, including her own surreptitious recordings, demonstrate the lack of credibility of her claims.

In your pleading for this extension, please don't summarize my objection as merely that the case is meritless, but instead please quote the two paragraphs above.

We have no idea where discovery will lead. Maybe Ms. Schiller was sexually assaulted by someone(s) else. Ms. Schiller's made many allegations against many alleged perpetrators.

False rape accusations are admissible under CRS 18-3-407 and its civil corollaries, and common law, which sets forth several ways sexual histories become admissible. Such information about prior sexual assaults, be they real or contrived, would also be germane to any claim for damages.

Rest assured the defense in this case is not consent or that plaintiff Schiller invited sexual improprieties. The defense in this case is that no sexual improprieties were committed by defendant Best.

Any trauma Ms. Schiller is feeling is either imaginary or caused by traumas in her past unrelated to events in that open-air and completely exposed loge-box at Canvas Stadium at CSU.

As for a group meeting with you, I am also unfamiliar with Doodle, but would be generally available for a group meeting over Zoom before the end of September, scheduled mid-day or later and after the morning courtroom dockets.

Please let me know via email good dates and times for the group ZOOM call as they become known.

Thanks.

Very truly yours,

Craig Silverman, Esq.
Springer & Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, CO 80202
(303) 861-2800
(303) 327-5974 fax
www.springersteinberg.com
csilverman@springersteinberg.com

---

**From:** Jeff Pagliuca <jpagliuca@hmflaw.com>
**Sent:** Tuesday, September 21, 2021 12:54 PM
**To:** Benjamin DeGolia <bd@rmlawyers.com>
**Cc:** Craig Silverman <csilverman@springersteinberg.com>; Skip.spear@coag.gov; Lauren.davison@coag.gov; jennifer.hunt@coag.gov; Patrick.warwick-diaz@coag.gov; Elizabeth Pagliuca <epagliuca@hmflaw.com>; jacqueline.guesno@jacksonlewis.com; juan.obregon@jacksonlewis.com; Heather Bolton <hbolton@springersteinberg.com>; Matthew Cron <mc@rmlawyers.com>; Ciara Anderson <ca@rmlawyers.com>; Therese Kerr <tk@rmlawyers.com>; Qusair Mohamedbhai <qm@rmlawyers.com>
**Subject:** Re: Schiller v. Bd of Governors er al. - Extensions & Protective Order

I don't do Doodle, but I should be free to discuss on 9-29.  I expect this trial will be over early next week at the latest. If we are done before then I can update everyone.

Jeff

> On Sep 21, 2021, at 12:51 PM, Benjamin DeGolia <bd@rmlawyers.com> wrote:
>
> Good morning all,
>
> Just following up here. Please provide your positions on the attached Motion for Extension of Discovery Deadlines, which we intend to file by close of business tomorrow. We would also appreciate your positions on a protective order to prohibit discovery into Ms. Schiller's prior experience with sexual assault and your availability for a conferral. Due to Jeff's trial schedule, I've set up a new Doodle poll where you can indicate your availability for a Zoom call next week.
>
> Kind regards,
>
> Benjamin DeGolia
> *he/him/his*
> **RATHOD | MOHAMEDBHAI LLC**
> 2701 Lawrence Street, Suite 100
> Denver, Colorado 80205
> (303) 578-4400 (t) / (303) 578-4401 (f)
> bd@rmlawyers.com / rmlawyers.com

**From:** Benjamin DeGolia
**Sent:** Thursday, September 16, 2021 4:23 PM
**To:** Craig Silverman <csilverman@springersteinberg.com>; skip.spear@coag.gov; lauren.davison@coag.gov; jennifer.hunt@coag.gov; patrick.warwick-diaz@coag.gov; jpagliuca@hmflaw.com; epagliuca@hmflaw.com; jacqueline.guesno@jacksonlewis.com; juan.obregon@jacksonlewis.com; Heather Bolton <hbolton@springersteinberg.com>
**Cc:** Matthew Cron <mc@rmlawyers.com>; Ciara Anderson <ca@rmlawyers.com>; Therese Kerr <tk@rmlawyers.com>; Qusair Mohamedbhai <qm@rmlawyers.com>
**Subject:** Re: Schiller v. Bd of Governors er al. - Extensions & Protective Order

Good afternoon all,

Jacqui and Skip, we appreciate your courtesy with respect to our requests for extension of times to respond to written discovery as we get up to speed. We agree to any reciprocal extensions for your clients. Craig, your opposition is duly noted. It seems that the basis for your opposition is your belief that this lawsuit is "meritless." We will include that explanation in our statement of conferral unless we hear otherwise.

Jeff, please let us know your position. We intend to file our motion by close of day tomorrow. If we do not hear from you, we will assume that your client does not intend to respond to our conferral inquiry.

We are also requesting each of your positions on two additional issues. First, as we've become more familiar with this case, we have determined we will need additional time for discovery across the board. As such, please let us know your positions on the attached motion, reflecting three-month extensions of all discovery deadlines. We think this is a reasonable request, given that we have just entered on this case, the parties have to this point conducted very little discovery, and the current discovery cut-off of December 30, 2021 is fast-approaching.

Additionally, some of your written discovery requests ask for information about Ms. Schiller's prior experiences with sexual assault, and for the contact information of an abusive ex partner. Please advise us whether you intend to pursue additional discovery into this topic, including whether you plan to question Ms. Schiller about prior sexual assault experiences during her deposition. If so, we plan to move for a protective order under Rule 412. Please provide your positions on such an order.

With respect to plaintiff's deposition, can you please inform us whether the deposition will be in person or remote? That will affect the dates that she can be available.

Finally, please let us know your availability for a Zoom conference next week by filling out this Doodle poll (if you could each coordinate with your team and fill it out collectively, that would make things easier).

Kind regards,

Benjamin DeGolia
*he/him/his*
**RATHOD | MOHAMEDBHAI LLC**
2701 Lawrence Street, Suite 100
Denver, Colorado 80205
(303) 578-4400 (t) / (303) 578-4401 (f)
bd@rmlawyers.com / rmlawyers.com

3

<2021.9.17 Plaintiff's Motion for Extension of Discovery Deadlines (Schiller).pdf>

_____ Notice: This communication from Springer & Steinberg, P.C., including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail or by telephone at 303-861-2800 or toll-free at 877-473-6004 and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.