# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 20-cv-02702-RM-SKC

KATELYN SCHILLER,

    Plaintiff;

    v.

THE BOARD OF GOVERNORS OF THE COLORADO STATE UNIVERSITY SYSTEM, BY AND ON BEHALF OF COLORADO STATE UNIVERSITY;
OVATIONS FOOD SERVICES, LP (d/b/a SPECTRA FOOD SERVICES AND HOSPITALITY);
MICHAEL BEST; and
SCOTT SCHELL,

    Defendants.

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION

Plaintiff Katelyn Schiller, by and through the undersigned counsel, hereby files this Reply in Support of her Motion to Compel Production [ECF No. 116] pursuant to Fed. R. Civ. P. 37(a)(3)(A).

**1. Introduction**

Rather than addressing the merits of the dispute this Court authorized the parties to adjudicate through its January 5, 2022 order [ECF No. 114], CSU's Response to Plaintiff's Motion to Compel Production [ECF No. 122] focuses most of its attention on the supposed overbreadth of Plaintiff's discovery requests. These arguments fail because CSU waived any objection to the substantive scope of Plaintiff's discovery requests, and in any case CSU's asserted concerns are resolved by the Court's February 11, 2022 order [ECF No. 124] requiring the parties to identify custodians and search terms to govern CSU's responses to Plaintiff's

1

discovery requests. More to the point, and as argued in detail in Plaintiff's Motion to Compel Production [ECF No. 116], Plaintiff is entitled to business-related communications found on CSU's custodians' mobile devices. CSU does not dispute Plaintiffs' arguments on this issue in its Response, and its constitutional argument is unavailing. As such, Plaintiff respectfully requests this court grant the Motion and compel Defendant to search its custodians' mobile devices for responsive business-related communications.

**2. CSU's Subject-Matter Objection is both Waived and Moot.**

Plaintiff propounded discovery requests on Defendant CSU on August 31, 2021. Defendant CSU responded to Plaintiff's discovery requests on October 14, 2021. *See* **Ex. A**, *CSU's Resp. to Pl's First Set of Written Discovery*. In its discovery responses, CSU objected to three of Plaintiff's requests for production, including the requests at issue here, on the basis that those requests were "overly broad and seeking information not relevant to any party's claim or defense and disproportional to the needs of the case **in that the Requests seek communications that occurred after the service of the preservation notice issued by Schiller's attorneys on December 11, 2019**." **Ex. A** at 18-19 (emphasis added). Importantly, CSU did not indicate in its Responses that it had withheld any documents on the basis of this objection. CSU's only other objection to the requests pertinent to the dispute currently before this Court was that they sought information protected by the attorney-client privilege. *Id.* at 19.

CSU did not cite any legal authority to support its objection based on the timing of Plaintiff's preservation notice, and Plaintiff is unaware of any such authority.[1] More importantly,

---

[1] The purpose of Plaintiff's preservation letter was, of course, to inform CSU of its obligation to preserve evidence in light of the possibility of litigation. Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Plaintiff cannot fathom any reason why documents and communications that post-date Plaintiff's

Defendant's objection—which referred exclusively to the temporal scope of the request in reference to Plaintiff's preservation letter—did not encompass the subject-matter, or substantive scope, of Plaintiff's request, as Defendant now contends [ECF No. 122, at 2]. *See* Fed. R. Civ. P. 34(b)(2)(B) ("[T]he response must . . . state with specificity the grounds for objecting to the request, including the reasons."). Here, CSU complied with Rule 34's specificity requirement by identifying the temporal scope of Plaintiff's request in reference to Plaintiff's preservation letter. Defendant cannot, as it now seeks to do (in part by omitting the relevant excerpt of its objection in its Response to this Motion [ECF No. 122, at 2]) claim that its objection in fact applied to the substantive scope of Plaintiff's discovery requests, as opposed to only the temporal scope. Because Defendant did not object to the substantive scope of Plaintiff's discovery requests in its initial responses, any such objection is waived. *See Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631, 633 (D. Kans. 2012) ("[T]he court will deem waived any objections not asserted in the initial response to a discovery request but raised in response to a motion to compel.").

Furthermore, Defendant's Response omits any mention of the parties' multiple conferrals, including Plaintiff's repeated good faith attempts to confer regarding a set of custodians and search terms that would clarify the scope of her requests and reduce Defendant's discovery burden. Plaintiff first suggested the parties enter an ESI protocol to specify search terms and custodians in the parties' very first discovery conferral on November 5, 2021.² As of

---

preservation letter would be disproportionate to the needs of the case, especially since the majority of Defendant's Title IX investigation took place after Plaintiff sent her preservation letter.

² In addition to asking CSU to agree to an ESI protocol in order to agree to a set of search terms and custodians to govern CSU's search for ESI pursuant to Plaintiff's discovery requests, Plaintiff also asked that the parties agree to search terms in order to facilitate her responses to CSU's own discovery requests. *See* **Ex. B**, *2021.11.26 DeGolia-Spear re ESI Protocol*. Although Plaintiff does not dispute that she objected to CSU's own discovery requests as substantively

this writing, Plaintiff has provided Defendant with a set of proposed search terms, to which Defendant has not identified any objections. *See* **Ex. C**, *2022.2.8 DeGolia-Spear re Plaintiff's Search Terms*. In addition to these search terms, the parties are currently conferring regarding a set of CSU custodians for the ESI protocol the court ordered the parties enter in its February 11, 2022 order. *See* [ECF No. 124]. Thus, the parties will soon agree to a set of search terms and custodians to govern CSU's search for responsive ESI, which should resolve any remaining concerns about the breadth of Plaintiff's discovery requests.

### 3. Defendant's Constitutional Argument has no Merit.

CSU contends that Plaintiff's request for business-related text messages "raises serious constitutional concerns as the government's search of an individual's cell phone implicates the Fourth Amendment." [ECF No. 122, at 6]. First, CSU has not identified that the cell phones in question are personal cell phones belonging to CSU's individual custodians, rather than CSU-issued devices, as Plaintiff invited in its Motion to Compel. *See* [ECF No. 116, at 6-7]. Even if the devices in question are the personal property of CSU employees, however, the Fourth Amendment would not apply under the current circumstances because CSU's custodians would be voluntarily turning their devices over to CSU's counsel for narrowly-tailored searches. Thus, the discovery "searches" would not in fact be considered governmental searches under the Fourth Amendment. Furthermore, even if this Court were to hold the Fourth Amendment might apply, CSU's custodians would not have a reasonable expectation of privacy in their business-

---

overbroad, that objection was based on the undersigned counsel's unwillingness to simply ask Plaintiff to furnish those documents she thought relevant, or to conduct a manual search of every email, text message, and social media post for relevant content. Plaintiff in good faith asked CSU to provide her with search terms to facilitate her search for responsive ESI months before the present dispute arose. CSU's suggestion before the court now that Plaintiff seeks to thwart discovery by telling it to "'do as I say, not as I do'" is thus misplaced. *See* [ECF No. 122, at 6 (citation omitted)].

related communications exchanged on those devices because all such communications are subject to the Colorado Open Records Act ("CORA"). *See Denver Pub. Co. v. Bd. of Cty. Com'rs*, 121 P.3d 190, 199-200 (Colo. 2005) (holding that public employee communications made "for use in the performance of public functions" was subject to CORA regardless whether that communication was made on publicly-owned or personal computer equipment).

CSU does not cite any relevant authority to support it broad proposition that requiring it to produce business-related communications on its custodians' devices would violate its employees' Fourth Amendment rights. The only cases cited by CSU, *Carpenter v. United States* and *Larious v. Lunardi*, are inapposite. In *Carpenter*, the Supreme Court held that the government must obtain a search warrant before police may obtain cell phone records providing a person's physical location through cell tower triangulation. *See* 138 S. Ct. 2206, 2214-15 (2018). In *Lunardi*, the Eastern District of California denied the Defendant California State Patrol officers' motion to dismiss where the officers "confiscated [Plaintiff's] personal device" and "extracted all data," and where "Defendants were not looking for a particular type of data or limiting their search to a particular time frame." No. 2:15-cv-02451-MCE-CMK, 2016 WL 6679874, at *5 (E.D. Cal. Nov. 16, 2016). Notably, although CSU asserts that the Ninth Circuit affirmed the Eastern District of California's order, *see* [ECF No. 122, at 7], in fact the Ninth Circuit case cited by CSU affirmed a subsequent order granting summary judgment on behalf of Defendants. *See Larios v. Lunardi*, No. 20-15764, 856 Fed. App'x 704 (9th Cir. May 19, 2021), *aff'g Larios v. Lunardi*, 442 F. Supp. 3d 1299 (E.D. Cal. 2020) (finding that warrantless search of employee's personal cell phone was reasonable and not violative of Fourth Amendment).

### 4. Plaintiff's Request is Still Necessary.

CSU further argues that it has adequately responded to Plaintiff's requests for production; that three of its employees—Steve Cottingham, David Crum, and Joe Parker—conducted additional searches of their cell phones; that those employees "have attested that they have produce[d] all information in their possession responsive to Plaintiff's requests"; and that as such, "there is nothing to compel." *See* [ECF No. 122, at 7-8]. To the contrary, the records produced as Exhibits to Defendant's Response only underscore the need for an actual, attorney-directed search for responsive ESI. Indeed, CSU's now-disclosed text message exchange between CSU Deputy Director of Athletics Steve Cottingham and Defendant Michael Best suggests that Mr. Cottingham **deleted multiple text messages** in response to Mr. Best. *See* **Ex. D**, *Cottingham-Best Text Messages*. In this exchange, produced in Defendant's Exhibit H to its Response [ECF No. 122] and Bates stamped CSU 1294-1295, Defendant Best asks Mr. Cottingham to explain "how this went sideways." *Id.* The next text message, some eight hours later, is again from Mr. Best, stating, "Okay. I understand." *Id.* Mr. Best then states that "[i]t just seems like decisions are being made with a fairly limited amount of info," and asks Mr. Cottingham, "Does that make sense?" Mr. Cottingham's response to this second query is also missing from the exchange.

Plaintiff is hopeful there is a reasonable explanation for these apparent missing text messages. Regardless, these records strongly support the need for an attorney-directed search of business-related communications found on CSU's custodians' mobile devices.

Finally, although CSU has repeatedly suggested that Plaintiff should simply subpoena its custodians under Rule 45, this is not a workable alternative for two reasons. First, Defendant only last week provided Plaintiff with the list of custodians who participated in Defendant's

6

response to Plaintiff's requests for production. Of the fourteen individuals who "were instructed to provide all information in their possession or control . . . relating to Katelyn Schiller," only five were disclosed in CSU's 26(a) disclosures. *Compare* **Ex. E**, *2022.2.7 Spear-DeGolia re CSU ESI Search Procedures*, *with* **Ex. F**, *2021.01.26 CSU Initial Disclosures*. Plaintiff does not know who these other individuals are, where they reside, or where they might be served with a Rule 45 subpoena. Second, even if Plaintiff did have such information, Plaintiff would face a significant burden in issuing, serving, and enforcing each of these subpoenas.

5. **Conclusion**

Plaintiff is entitled to obtain work-related communications exchanged on CSU's custodians' mobile devices under Fed. R. Civ. P. 34. CSU has not asserted that these devices are even the personal property of its custodians, rather than CSU-owned devices. Even if the devices are the personal property of its custodians, CSU has not provided any legitimate legal basis for their exclusion from discovery. Plaintiff respectfully requests this Court grant the Motion and order CSU to search its custodians' mobile devices for any business-related communications responsive to Plaintiff's discovery requests.

Respectfully submitted this 14th day of February, 2022.

<u>s/ Benjamin DeGolia</u>
Benjamin DeGolia
Matthew Cron
Ciara Anderson
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence St., Suite 100
Denver, CO 80205
bd@rmlawyers.com
mc@rmlawyers.com
ca@rmlawyers.com

*Attorneys for Plaintiff*
