**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-02702-SKC

KATELYN SCHILLER,

Plaintiff,

v.

THE BOARD OF GOVERNORS OF THE COLORADO STATE UNIVERSITY
SYSTEM, et al.,

Defendants.

---

**RESPONSES TO PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO
DEFENDANT, THE BOARD OF GOVERNORS OF THE COLORADO STATE
UNIVERSITY SYSTEM**

---

Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure and
the Scheduling Order governing discovery in this case, the Board of Governors of
the Colorado State University System submit the following responses to Plaintiff's
First Set of Written Discovery.

**INSTRUCTIONS AND DEFINITIONS**

Defendant objects to the definitions and instructions that Plaintiff attempts
to impose beyond the requirements contained in the Federal Rules of Civil
Procedure. In addition, Defendant reserves the right to change, amend, or
supplement any of the responses herein as additional facts are recalled or
ascertained, analyses are made, legal research is completed, and contentions are

1

made. These responses are made in a good faith effort to supply as much

information as is presently known within the Rules.

## INTERROGATORIES

1.    Please **IDENTIFY** each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses).

Skippere Spear,
Senior Assistant Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, CO 80203
(720) 508-6140

Jennifer H. Hunt
Senior Assistant Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6215

Lauren Davison
Assistant Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6631

Jannine R. Mohr
Deputy General Counsel
Colorado State University System
Available through undersigned
counsel.

Jason Johnson
General Counsel
Colorado State University System
Available through undersigned
counsel.

David Crum
Senior Associate Athletics Director
Colorado State University
Available through undersigned counsel.

Rose Cordova
Paralegal
Colorado State University System
Available through undersigned counsel.

Natalie Larose
Executive Assistant
Colorado State University
Available through undersigned
counsel.

Sean Fitzpatrick
Detective
Colorado State University
Police Department
Available through undersigned counsel.

Steve Cottingham
Deputy Director of Athletics
Colorado State University
Available through undersigned counsel.

Audrey Swenson,
Title IX Investigator
Colorado State University
Available through undersigned
counsel.

Sally Alexander
Director
Office of Risk Management & Insurance
Colorado State University
Available through undersigned
counsel.

Jason Meisner
Captain
Colorado State University
Police Department
Available through undersigned counsel.

Brian Gilbert
IT Professional
Colorado State University
Available through undersigned counsel.

Brian James
Technician IV
Colorado State University
Police Department
Available through undersigned
counsel.

Sean Fitzpatrick
Sergeant
Colorado State University
Police Department
Available through undersigned
counsel.

Amy Kuehl
Records Manager
Colorado State University
Police Department
Available through undersigned
counsel.

David Crum
Senior Associate Athletics Director
Colorado State University
Available through undersigned counsel.

2.      Please **IDENTIFY** all computer programs, databases, software or other electronic systems that are used to document and/or store information related to **CSU** students' reports or complaints of **SEXUAL MISCONDUCT**.

The University uses Maxient software to manage records that fall under the umbrella of Title IX. Additional information regarding the Maxient software is available at www.maxient.com. In addition, the University maintains Title IX files and documentation on a shared office "T" drive. The University's Women and Gender Advocacy Center uses Aries and Titanium to store and manage records.

The CSU Police Department previously used a system called Tiburon. On December 7, 2020, all cases and data were converted into a system called Enterprise RMS from Central Square.

     3.    Please **IDENTIFY** all **PERSONS** who have accessed the computer programs, databases, software or other electronic systems identified in response to Interrogatories 1 and 2 since September 5, 2019.

The Board objects to Interrogatory 3 as overly broad and unduly burdensome in that Interrogatory 3 is not limited to Plaintiff's claims in this lawsuit and is therefore not reasonably calculated to lead to the discovery of admissible evidence. Subject to and notwithstanding these objections, with regard to information related to Plaintiff, to the best of CSU's information and belief, the following persons have accessed the above-referenced computer programs, databases, software, and other electronic systems since September 5, 2019:

Lori Bryant
Title IX Technician
Colorado State University
Available through undersigned
counsel.

Ashley Vigil
Former Lead Title IX Investigator
Address and phone number unknown.

Audrey Swenson
Title IX Investigator
Colorado State University
Available through undersigned
counsel.

Jody Donovan
Interim Title IX Coordinator
Assistant Vice President for Student
Affairs and Dean of Students
Colorado State University
Available through undersigned
counsel.

Diana Prieto
Vice President for Equity, Equal
Opportunity and Title IX
Colorado State University
Available through undersigned
counsel.

Sean Fitzpatrick
Sergeant
Colorado State University
Police Department
Available through undersigned
counsel.

Jess Anderson
Evidence Technician
Colorado State University
Police Department
Available through undersigned
counsel.

Brian James
Evidence Manager
Colorado State University
Police Department
Available through undersigned
counsel.

Amy Kuehl
Records Manager
Colorado State University
Police Department
Available through undersigned
counsel.

Ginger Toomey
Former Communications Manager
Colorado State University
Police Department
Address Unavailable

Derek Smith
Police Officer
Colorado State University
Police Department
Available through undersigned
counsel.

Josh Sheeran
Police Officer
Colorado State University
Police Department
Available through undersigned
counsel.

Jason Dobbins
Police Officer
Colorado State University
Police Department
Available through undersigned counsel.

Monica Rivera
Director
Women and Gender Advocacy Center
Colorado State University
Available through undersigned counsel.

Courtney Kavanagh
Victim Advocate and Educator
Women and Gender Advocacy Center
Colorado State University
Available through undersigned counsel.

4. Please **IDENTIFY** all **PERSONS** with decision-making authority about whether to preserve the video footage that captured the **LOGE BOX** or any of the activities that occurred inside the **LOGE BOX** at the time of the **INCIDENTS**.

The Board objects to Interrogatory 4 to the extent it implies that any video footage specifically captured activities occurring inside the loge box. The Board further objects to this Interrogatory to the extent it is premised on the faulty

5

presumption that a decision was made regarding whether to preserve video footage recorded on September 7, 2019, September 21, 2019, or October 5, 2019. Subject to these objections, the University states that no decision was made whether to retain the video at issue, as video footage was retained for the pertinent retention period in accordance with applicable policy.

5.     Please **IDENTIFY** all computer programs, databases, software or other electronic systems that are used to document and/or store information captured on video on and around the **CSU** campus, specifically including the **CSU** football stadium and its loge boxes.

The Board objects to Interrogatory 5 as overly broad to the extent it seeks information unrelated to the information captured on video in and around Canvas Stadium, which is the subject of this lawsuit. Moreover, disclosing information related to CSU's broader campus security systems that are unrelated to Canvas Stadium may unnecessarily compromise CSU's campus security. Subject to and without waiving these objections, the video software used to store surveillance video footage from Canvas Stadium is Qognify Ocularis.

6.     Please describe **YOUR** video retention policy for video footage captured on and around the **CSU** campus, specifically including the **CSU** football stadium and its loge boxes. In describing such policy, please include the following:

a.     the amount of time that **CSU** video footage is retained before it is deleted or otherwise written over;

b.     the types of activities, incidents, events, or exceptions that must occur to preserve video footage and thus prevent it from being deleted or otherwise written over; and

c.     the way in which **CSU** video footage is retained and preserved, including without limitation, the format in which it is retained, the location where it is stored, and the manner in which it is identified.

A copy of the University Electronic Surveillance Systems Policy is produced herewith. Pursuant to the Policy, video footage is stored by digital means for a minimum of 14 days, or such longer period as may be determined by the University Security Technology Committee. Video footage may be preserved when the University receives a request, demand, subpoena, court order, or any other type of request for the disclosure, release or use of video footage.

Video is stored on hyperconverged storage, meaning it is spread out across multiple disk storage units; all video storage is in CSU's secure main server room in the Engineering building to which access is severely limited. Access to the video system for exporting video is also limited to the CSU Police Department and Brian Gilbert from CSU's IT Division. Video is identified by camera name in the system.

7.   Please **IDENTIFY** the **PERSON(S)** responsible for retaining and preserving **CSU** video footage.

The Board states Brian Gilbert, identified in Interrogatory 1, is responsible for retaining and preserving surveillance video footage taken on CSU campus.

8.   Please **IDENTIFY** or otherwise describe the location of any surveillance camera(s) that would have captured and recorded video of activities that occurred inside the **LOGE BOX** on the dates of the **INCIDENTS**.

There are no surveillance cameras that would have captured and recorded detailed videos of activities that occurred inside the loge box in September and October of 2019. There are no cameras in the loge boxes in the stadium. There are cameras in the NW and SW hallways plus the elevator lobbies on levels 500 and 600, but none of those cameras can "see" into the boxes.

9.     Please state whether the surveillance cameras identified above are currently in the same location as they were at the time of the **INCIDENTS**.

The cameras referenced in Interrogatory 8 are in the same location as they were on September 7 and 21, 2019 and October 5, 2019; they have not moved.

10.     If video was recorded of activities inside the **LOGE BOX** on the dates of the **INCIDENTS**, please state the date(s) on which such video was deleted or otherwise overwritten.

There are no surveillance cameras that would have captured and recorded detailed videos of activities that occurred inside the loge box in September and October of 2019.

11.     Please **IDENTIFY** all **PERSONS** who have investigated the Plaintiff's claims in this **LAWSUIT** on behalf of **CSU**.

CSU objects to this question as it is vague and overly broad. Specifically, the term "investigated" is not defined. Subject to, and without waiving this objection, CSU identifies the following individuals:

Skippere Spear,
Senior Assistant Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, CO 80203
(720) 508-6140

Jennifer H. Hunt
Senior Assistant Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6215

Lauren Davison
Assistant Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6631

Jannine R. Mohr
Deputy General Counsel
Colorado State University System
Available through undersigned
counsel.

Jason Johnson
General Counsel
Colorado State University System
Available through undersigned
counsel.

David Crum
Senior Associate Athletics Director
Colorado State University
Available through undersigned counsel.

Jessica Salazar
Former Associate Legal Counsel
Colorado State University System
Address Unavailable

Laurie Dean
Former Associate Legal Counsel
Colorado State University System
Address and phone number
unknown.

Jay McMillan
Assistant Athletics Director
Colorado State University
Available through undersigned counsel.

Steve Cottingham
Deputy Director of Athletics
Colorado State University
Available through undersigned counsel.

Sean Fitzpatrick
Sergeant
Colorado State University
Police Department
Available through undersigned
counsel.

Audrey Swenson,
CSU Title IX Investigator
Colorado State University
Available through undersigned
counsel.

12.     Please **IDENTIFY** all **PERSONS** with knowledge and ability to access information about contributions and/or gifting to **CSU**.

The Board objects to Interrogatory 12 as vague, overly broad, unduly burdensome, and seeking information that is not relevant to any party's claim or defense and that is disproportional to the needs of the case.

13.     Please **IDENTIFY** each incident in which a **CSU** student has reported **SEXUAL MISCONDUCT** that allegedly occurred on the **CSU** campus and/or involved **PERSONS** associated with **CSU** from January 1, 2015, to the present.  This interrogatory includes all reported incidents of which **YOU** received notice, including internal reports, claims and reports made to external agencies, such as the EEOC and/or CCRD, and state and federal lawsuits.

The Board objects to Interrogatory 13 as vague, overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or

defense and that is disproportional to the needs of the case. The Board further

objects to this Interrogatory because it seeks information protected by federal and

state law.

      14.    Please **IDENTIFY** all training that is required of **CSU** athletic
staff, supervisors, managers, and officers with regard to **SEXUAL
MISCONDUCT**, specifically referencing the written materials, courses, and
compliance programs used with any such training.

All CSU employees are required to take an online sexual harassment

awareness module by EverFi. Athletic staff are also required to complete an online

training related to the Clery Act. Additionally, all staff and student-athletes have

participated in in-person trainings by campus partners such as the Office of Equal

Opportunity (OEO) and the Women and Gender Advocacy Center (WGAC). These

presentations have included PowerPoint presentations, and handouts.

      15.    Please **IDENTIFY** all actions taken by **CSU** to ensure that vendors at
**CSU** sporting events comply with federal and state laws and **CSU** policies,
specifically including laws and policies concerning anti-discrimination and anti-
harassment.

The Board objects to Interrogatory 15 as vague, overly broad, unduly

burdensome, and seeking information that is not relevant to any party's claim or

defense and that is disproportional to the needs of the case. With regard to anti-

discrimination and anti-harassment, CSU's Title IX policy states that "Employees

and agents of contractors, visitors to the University, donors, alumni and others over

whom the University does not have authority to take corrective or disciplinary

action are also expected to comply with this policy when doing business with the

University. The University may, among other actions, terminate its contract and

relationship with the individual or entity, exclude such persons from campus,

and/or refer the matter to law enforcement."

16.   Please **IDENTIFY** every **PERSON** who has been interviewed regarding the **INCIDENTS** by any agent or representative of **CSU**.

| | |
|---|---|
| Katelyn Schiller<br>Address and phone number<br>unknown. | Karla Lewis<br>Address and phone number<br>unknown. |
| Doug Max<br>Former Event Management<br>Address Unknown and phone<br>number unknown. | Marc Recht<br>Address and phone number<br>unknown. |
| Ryun Williams<br>Women's Basketball Coach<br>Colorado State University<br>Available through undersigned<br>counsel. | Michael Best<br>Address and phone number<br>unknown. |
| Scott Schell<br>Address and phone number<br>unknown. | Roommate of Katelyn Schiller<br>Address and phone number<br>unknown. |
| Gretchen Tribken<br>Address and phone number<br>unknown. | Anthony Slaughter<br>Address and phone number<br>unknown. |
| David Crum<br>Senior Associate Athletics Director<br>Colorado State University<br>Available through undersigned<br>counsel. | Steve Cottingham<br>Deputy Director of Athletics<br>Colorado State University<br>Available through undersigned<br>counsel. |
| Cody Clem<br>Address and phone number<br>unknown. | Blake Phillips<br>Address and phone number<br>unknown. |
| Savionne Gudiel<br>Address and phone number<br>unknown. | Mr. Kincaid,<br>Address and phone number<br>unknown. |

17.     Please **IDENTIFY** each **PERSON** that **YOU** believe is responsible, in whole or in part, for the **INCIDENTS** and the corresponding injuries claimed by Plaintiff in this **LAWSUIT**.

The Board objects to Interrogatory 17 as it seeks a legal conclusion or an opinion about hypothetical facts. The Board lacks sufficient information to determine whether the **INCIDENTS** occurred or whether Plaintiff has suffered any injuries.

18.     Please **IDENTIFY** the date on which **YOU** first became aware of any one or more of the **INCIDENTS** that are the subject of this **LAWSUIT**.

The Board objects to Interrogatory 18 as based on hypothetical facts. Based on the information available to it, the Board states as follows:

On September 21, 2019, Blake Phillips met in-person with David Crum and Jay McMillan and informed them that a server had complained that a guest in the **LOGE BOX** was being "handsy" during the football game of the same date. Crum and McMillan went to the **LOGE BOX** and discussed the issue with Michael Best. Best denied knowledge of any person being handsy, but further stated that one of his guests was very intoxicated and would never be invited back to the **LOGE BOX**.

During the October 5, 2019 football game, Crum made multiple visits to the **LOGE BOX** to check in. Crum did not witness any inappropriate behavior during these visits. Crum and Steven Cottingham also asked the patrons in the loge boxes to the north and south if they had witnessed any inappropriate behavior. Those patrons denied witnessing any such behavior.

On October 9, 2019, Karla Lewis sent an email to Crum, McMillin, and Steven Cottingham informing them that the same server had complained that a guest in the **LOGE BOX** "was acting inappropriately" during the October 5, 2019, football game and that the server would be moved out of the **LOGE BOX** for future games. Cottingham contacted Jennifer Mayhew of the University's Office of Equal Opportunity to discuss the situation and determine next steps. Because the matter did not involve a University employee, the matter did not fall within the jurisdiction of the Office of Equal Opportunity.

On October 15, 2019, Lewis called Cottingham on the telephone and informed him that the alleged inappropriate behavior had also reportedly occurred during the September 7, 2019 football game and that one of the persons who were accused of acting inappropriately was Michael Best.

On October 16, 2019, Lewis sent an email to Cottingham that contained information identifying the server as Schiller, a University student. This was the first notification provided to the University that the complainant was a student.

On October 17, 2019, Cottingham and Crum interviewed Best regarding the allegations. Best denied the allegations.

On October 23, 2019, Cottingham met with Schiller to hear her allegations directly. It was at this meeting that Schiller first informed Cottingham that an unidentified individual had forcibly grabbed the back of her neck, put his hands in her pockets, and caressed her hip.

On October 24, 2019, Cottingham requested any security video of the **LOGE BOX** from Mark Paquette.

On October 29, 2019, Joe Parker and Cottingham decided to move Best to an auxiliary radio suite on the sixth level of Canvas Stadium for the remainder of the football season. The auxiliary radio suite is not provided with a server. In addition, the University voided Best's tickets to the **LOGE BOX**, instructed Best that he could not be on the same level in the stadium as the **LOGE BOX**, and informed Landmark Security that Best was not permitted to be on that level. The intent was to allow Schiller to continue working as a loge server, if she so chose, without having to interact with Best or any of his guests.

On October 30, 2019, Cottingham met with Schiller to inform her of the decision to move Best. Schiller informed Cottingham that this resolution "feels good." Cottingham also informed Schiller that the University had resources available to her and that she could file a police report.

On October 31, 2019, Schiller sent an email to Crum and Cottingham alleging—for the first time—that "Mike Wargin" had "sexually assaulted" her during the three football games and that she was subjected to "actions of sexual harassment." Cottingham immediately forwarded the email to the University's Student Affairs Office, Title IX Office, and Police Department.

On November 1, 2019, Detective Sean Fitzpatrick of the University Police Department began a criminal investigation based on Schiller's October 31 email. The Police Department interviewed Schiller, Best, Schell, Schiller's roomate,

Gretchen Tribken, Cottingham, Karla Lewis, and Anthony Slaughter. The Department issued a report and referred the matter to the Larimer County District Attorney. The full involvement of the University Police Department is contained in the report previously disclosed.

On November 5, 2019, Audrey Swenson of the University's Title IX Office began an investigation based on Schiller's email. Swenson also referred Schiller to Courtney Kavanagh of the University Women and Gender Advocacy Center to act as Schiller's advocate. Swenson interviewed Crum, Cottingham, Doug Max, Cody Clem, Blake Phillips, and Savionne Gudiel. Swenson also attempted to interview Schiller, Best, Tribken, and Lewis.

Swenson sent regular emails to Schiller updating her on the Title IX and criminal investigations, including on November 13, 2019, November 20, 2019, November 27, 2019, December 4, 2019, December 11, 2019, December 18, 2019, March 12, 2020, April 3, 2020, April 10, 2020, April 20, 2020, April 27, 2020, May 4, 2020, May 12, 2020, May 18, 2020, May 29, 2020, and June 8, 2020. The Title IX Office prepared a report which was previously disclosed.

19.     Please **IDENTIFY** the representative(s) of **CSU** who first became aware of any one or more of the **INCIDENTS** that are the subject of this **LAWSUIT**.

David Crum
Senior Associate Athletics Director
Colorado State University
Available through undersigned
counsel.

Jay McMillan
Assistant Athletics Director
Colorado State University
Available through undersigned
counsel.

Steve Cottingham                     Joe Parker
Deputy Director of Athletics         Athletics Director
Colorado State University            Colorado State University
Available through undersigned        Available through undersigned
counsel.                             counsel.

20.     Please **IDENTIFY** how the **INCIDENTS** that are the subject of this **LAWSUIT** were first communicated to the previously identified representative(s) of **CSU** (i.e., via telephone call, email, in-person meeting, etc.).

See response to Interrogatory 18, above.

21.     Please **IDENTIFY** the **PERSONS** in charge of **CSU's** investigation of the **INCIDENTS** that are the subject of this **LAWSUIT**.

The Board objects to Interrogatory 21 as based on hypothetical facts. The

Board lacks sufficient information to determine whether the **INCIDENTS** occurred.

Based on the facts available to it, the Board incorporates its response to

Interrogatory 18, above.

22.     Please describe all efforts **YOU** took to protect and/or prevent Plaintiff from being subjected to further **SEXUAL MISCONDUCT** after Plaintiff reported it.

The Board objects to Interrogatory 22 as based on hypothetical facts. Subject

to this objection, please see the response to Interrogatory 18.

23.     Please **IDENTIFY** the guest in the **LOGE BOX** who left the stadium on September 21, 2019, and who would not be allowed to return to the stadium as set forth in paragraph 19 of **YOUR** Answer to the Fourth Amended Complaint.

The Board states that it does not know the identity of the guest who left the

**LOGE BOX** in Canvas Stadium on September 21, 2019.

24.     Please **IDENTIFY** the **CSU** Athletics Department employee who responded to the complaint of inappropriate fan behavior on September 21, 2019, as set forth in paragraph 19 of **YOUR** Answer to the Fourth Amended Complaint.

David Crum, Senior Associate Athletics Director, Colorado State University.

Mr. Crum is available through undersigned counsel.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1.      Please produce any surveillance video footage of activities that occurred inside the **LOGE BOX** on the dates of the **INCIDENTS**.

Defendant does not possess any surveillance video footage of activities that

occurred inside the **LOGE BOX** on the dates of the alleged **INCIDENTS**.

2.      If there is no such video footage in existence, please produce any **DOCUMENTS** that show or tend to show that such video footage previously existed, including the location of the video camera that would have recorded video of the **LOGE BOX** on the dates of the **INCIDENTS**, and the date on which the video footage was deleted, overwritten, or otherwise lost.

There are no surveillance cameras that would have captured and recorded

videos of activities that occurred inside the loge box in September and October of

2019.

3.      Please produce any **DOCUMENTS**, including but not limited to photographs, architectural plans, and/or blueprints, that show the location of the video camera(s), that would have recorded video inside the **LOGE BOX** on the dates of the **INCIDENTS**.

There are no surveillance cameras that would have recorded video inside the

**LOGE BOX** on the dates of the alleged **INCIDENTS**.

4.      Please produce any **DOCUMENTS** of communications regarding the existence or availability of, retention, non-retention, and/or deletion of any video footage taken of activities occurring in the **LOGE BOX** on the dates of the **INCIDENTS**.

Please see response to Request for Production 9.

5. Please produce all **DOCUMENTS** showing **YOUR** video retention policy for video footage captured on and around the **CSU** campus, specifically including the **CSU** football stadium and its loge boxes.

A copy of the University Electronic Surveillance Systems Policy is produced

herewith. CSU723-CSU733.

6. Please produce any insurance or indemnification policies that provide or may provide insurance coverage for the acts and/or omissions of **CSU** as alleged in the **LAWSUIT**.

Copies of the University's applicable insurance policies are produced

herewith. CSU734-CSU927.

7. Please produce all **DOCUMENTS** reviewed by **YOU** during **YOUR** investigation of the allegations in the **LAWSUIT**.

The Board objects to Request for Production 7 as seeking information

protected by the attorney-client privilege and work product doctrine. Such

documents will not be produced. In accordance with the applicable law, the Board

will appropriately identify documents pre-dating the service of the preservation

notice issued by Schiller's attorneys on December 11, 2019, that are withheld from

production on the grounds of the referenced privileges. Subject to this objection, the

Board produces documents bates labeled CSU928-CSU1139 herewith.

8. Please produce all **DOCUMENTS** of communications between **YOU** and any party to this **LAWSUIT**, including communications from the parties' agents, employees, representatives, and attorneys, that relate to the allegations and claims made in this **LAWSUIT**.

Please see response to Request for Production 9.

9. Please produce all **DOCUMENTS** of communications between **YOU** and any other **PERSON**, including communications from the **PERSON'S** agents, employees, representatives, and attorneys, that relate to the allegations and claims made in this **LAWSUIT**.

The Board objects to Requests for Production 4, 8, and 9 as overly broad and seeking information not relevant to any party's claim or defense and disproportional to the needs of this case in that the Requests seek communications that occurred after the service of the preservation notice issued by Schiller's attorneys on December 11, 2019. The Board further objects to Requests for Production 4, 8, and 9 because these Requests seek information protected by the attorney-client privilege and work product doctrine. Such documents will not be produced. In accordance with the applicable law, the Board will appropriately identify documents pre-dating the service of the preservation notice issued by Schiller's attorneys on December 11, 2019, that are withheld from production on the grounds of the referenced privileges.

Subject to these objections, the Board produces non-privileged documents responsive to Requests for Production 4, 8, and 9 herewith. Because each Request deals with communications, several of the documents are response to one or more Requests and, therefore, are produced together at bates label CSU328-CSU722.

10.      Please produce all **DOCUMENTS** showing the amount(s) or value(s) and date(s) of any contributions or gifts made to **CSU**, including any of its departments, divisions, or programs, by or on behalf of Defendant Best or any member of his family from January 1, 2011 to the present time.

Responsive documents are produced herewith. CSU1140-CSU1147.

11.      Please produce all **DOCUMENTS** showing the amount(s) or value(s) and date(s) of any contributions or gifts made to **CSU**, including any of its departments, divisions, or programs, by or on behalf of Defendant Schell or any member of his family from January 1, 2011 to the present time.

Responsive documents are produced herewith. CSU1148.

12.     For each incident identified in response to Interrogatory No. 13, please produce all **DOCUMENTS** showing the specific complaints made, **YOUR** response thereto, and any resolution.

The Board objects to RFP 12 as vague, overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense and that is disproportional to the needs of the case. The Board further objects to this RFP because it seeks protected information that the Board is prohibited from producing by federal law.

13.     Please produce all contracts that you have entered into with Defendant Ovations Food Services, LP (d/b/a Spectra Food Services and Hospitality) from January 1, 2015 to the present.

Please see CSU035-63, previously produced.

14.     Please produce, pursuant to appropriate release, all **DOCUMENTS** related to an internal **CSU** complaint made by **CSU** student, Ida Donohue, in 2019 concerning inappropriate conduct and/or harassment by another **CSU** student athlete.

The Board objects to RFP 14 because it seeks information that is not relevant to any party's claim or defense and that is disproportional to the needs of the case. The Board further objects to this RFP because it seeks protected information that the Board is prohibited from producing by federal law.

## <u>REQUEST FOR INSPECTION</u>

1.     Pursuant to F.R.C.P. 34(a)(2), please permit entry into the **CSU** football stadium at a mutually convenient date and time within 30-days of the date of these requests to view, inspect, measure, and photograph the following:

a.     the **LOGE BOX** and immediately surrounding areas; and

b.      the auxiliary suite, as identified in paragraph 45 of **CSU**'s Answer to the Fourth Amended Complaint, where Defendant Best and his family were moved or re-assigned following the **INCIDENTS**.

The Board agrees to permit such inspection at a mutually agreeable time

that can be arranged through the undersigned counsel. Generally, Monday

through Thursday from 2:00 to 4:00 work best, but the Board can make other times

work if necessary.

## REQUESTS FOR ADMISSION

1.      Please admit that video of activities occurring inside the **LOGE BOX** on the dates of the **INCIDENTS** was recorded.

Denied.

2.      Please admit that **YOU** received notice of the **INCIDENTS** before the recorded video of the **LOGE BOX** was deleted, overwritten, or otherwise lost.

Denied.

3.      Please admit that Defendant Best and his wife, Susie Wargin, are alumni of **CSU**.

Admitted.

4.      Please admit that Defendant Best and/or his wife, Susie Wargin, made monetary contributions to **CSU** at various times before the **INCIDENTS**.

Admitted.

DATED THIS 14TH DAY OF OCTOBER, 2021.

AS TO RESPONSES:                          AS TO OBJECTIONS:

Steve Cottingham                          PHILIP J. WEISER
Deputy Director of Athletics             Attorney General
Colorado State University

                                          */s/ Skip Spear*
                                          Skippere Spear, No. 32601*
                                          Jennifer Hunt, No. 29964*

21

    b.    the auxiliary suite, as identified in paragraph 45 of **CSU**'s Answer to the Fourth Amended Complaint, where Defendant Best and his family were moved or re-assigned following the **INCIDENTS**.

The Board agrees to permit such inspection at a mutually agreeable time that can be arranged through the undersigned counsel. Generally, Monday through Thursday from 2:00 to 4:00 work best, but the Board can make other times work if necessary.

### REQUESTS FOR ADMISSION

1.    Please admit that video of activities occurring inside the **LOGE BOX** on the dates of the **INCIDENTS** was recorded.

Denied.

2.    Please admit that **YOU** received notice of the **INCIDENTS** before the recorded video of the **LOGE BOX** was deleted, overwritten, or otherwise lost.

Denied.

3.    Please admit that Defendant Best and his wife, Susie Wargin, are alumni of **CSU**.

Admitted.

4.    Please admit that Defendant Best and/or his wife, Susie Wargin, made monetary contributions to **CSU** at various times before the **INCIDENTS**.

Admitted.

DATED THIS 14TH DAY OF OCTOBER, 2021.

AS TO RESPONSES:

_____
Steve Cottingham
Deputy Director of Athletics
Colorado State University

AS TO OBJECTIONS:

PHILIP J. WEISER
Attorney General

*/s/ Skip Spear*_____
Skippere Spear, No. 32601*
Jennifer Hunt, No. 29964*

Lauren Davison, No. 51260*
Jacquelynn N. Rich Fredericks, No.
39932
Assistant Attorneys General
Ralph L. Carr Colorado Judicial
Center
1300 Broadway, 6th Floor
Denver, CO 80203
(720) 508-6140; -6215; -6631; -6603
skip.spear@coag.gov
jennifer.hunt@coag.gov
lauren.davison@coag.gov
jacquelynn.richfredericks@coag.gov

ATTORNEYS FOR DEFENDANT
COLORADO STATE UNIVERSITY
*counsel of record

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **RESPONSES TO PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT, THE BOARD OF GOVERNORS OF THE COLORADO STATE UNIVERSITY SYSTEM** upon all parties herein by email, this 14th day of October, 2021 addressed as follows:

Benjamin DeGolia
Matthew Cron
Ciara Anderson
Rathod Mohamedbhai
2701 Lawrence Street, Suite 100
Denver, CO 80205
*Attorneys for Plaintiff*

Jacqueline R. Guesno
Juan C. Obregon
Jackson Lewis P.C.
950 17th Street, Suite 2600
Denver, CO 80202
*Attorneys for Defendant Spectra*

Jeffrey S. Pagliuca
Haddon, Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO 80203
*Attorney for Defendant Schell*

Craig A. Silverman
Springer & Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, CO 80202
*Attorney for Defendant Best*

*/s/ Carmen Van Pelt*