## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02702-SKC

KATELYN SCHILLER,

Plaintiff,

v.

THE BOARD OF GOVERNORS OF THE COLORADO STATE UNIVERSITY
SYSTEM, BY AND ON BEHALF OF COLORADO STATE UNIVERSITY, et al.

Defendants.

---

## PLAINTIFF AND DEFENDANT THE BOARD OF GOVERNORS OF THE COLORADO STATE UNIVERSITY SYSTEM'S PROPOSED ESI PROTOCOL

Plaintiff, Katelyn Schiller, and Defendant, Board of Governors of the Colorado State University System ("CSU" or "the University"), submit the following protocol governing the identification and production of electronically stored information ("ESI") and other documents.

1. **DEFINITIONS**

   1.1   "Document" shall have the meaning contemplated by Federal Rule of Civil Procedure 34(a)(1)(A).

   1.2   "Document Family" means a collection of pages or files maintained together constituting a logical single communication of information, but consisting of more than a single stand-alone record. Examples include a fax cover, the faxed letter, and an attachment to the letter - the fax cover being the "Parent," and the letter and attachment being a "Child," or an email and associated attachments, or a presentation with embedded files.

   1.3   "Electronic Communication" shall refer to all electronic media including email, text messages, Facebook Messenger, Social Media messages, and applications including but not limited to WhatsApp, GroupMe, and any other similar method of exchanging information.

1

EXHIBIT

A

1.4     "Email" means an electronic means for communicating written
        information that is deliverable to designated recipients at specific
        addresses associated with particular Internet domains.

1.5     "ESI" is an abbreviation of "electronically stored information" and
        shall have the same meaning and scope as it has in Federal Rule of
        Civil Procedure 34(a)(1)(A).

1.6     "Hard Copy Document" means a Document that was maintained in
        paper form.

1.7     "Native Format" means the format of ESI in the application in
        which such ESI was originally created.

1.8     "Production" or "Produced" includes any exchange of Documents
        or ESI by aProducing Party, whether voluntarily or in response
        to a formal or informal request.

1.9     "Producing Party" means any party that produces Documents
        pursuant to this ESI Protocol.

1.10    "Receiving Party" means any party that receives information,
        Documents, or ESI produced pursuant to this ESI protocol.

1.11    "Requesting Party" means any party that requests production of
        information, Documents, or ESI pursuant to this ESI protocol.

1.12    "Responsive Document" means any Document or ESI that a
        Producing Party produces in response to any discovery request or
        subpoena served in or in connection with this action, subject to the
        limitations set forth in the Federal Rules of Civil Procedure, the
        Local Rules, or Court order.

1.13    "Search Term" means a word or a combination of words or phrases
        designed to capture potentially relevant ESI, and includes strings of
        words and phrases joined by proximity and Boolean connectors or
        other syntax.

1.14    "Social media" shall refer to all platforms including but not limited to
        crowdfunding websites, dating websites or applications, Facebook,
        Twitter, Snapchat, Instagram, Pinterest, Google Plus, Tumblr, Yik
        Yak, LinkedIn, Reddit, Tik Tok, and any other similar electronic
        forums for social networking, connecting, or sharing.

1.15   "Tagged Image File Format" or "TIFF" refers to the CCITT Group IV graphic file format for storing bit-mapped images of ESI or Hard Copy Documents.

## 2. SCOPE

2.1.   The procedures and protocols set forth in this ESI Protocol shall govern the search, disclosure, and format of Documents and ESI produced for use in this action to the extent available. This ESI Protocol does not define the scope of production or the relevance of any particular information. Nothing in this ESI Protocol establishes any agreement as to either the temporal or subject matter scope of discovery in this action. Nothing in this stipulation is intended to alter any Producing Party, Receiving Party, or Requesting Party's rights, obligations, or responsibilities under Federal Rules of Civil Procedure 26(b)(2)(B), 34(a)(1), and 37. No provision of this ESI Protocol waives any objections as to the production, discoverability, admissibility, or confidentiality of Documents and ESI. The discovery requests, objections thereto, agreements between or among the Requesting Party, Receiving Party, and/or Producing Party, and any pertinent Court orders shall govern the scope of Documents and ESI to be produced.

2.2.   Nothing in this Protocol is intended to be an exhaustive list of discovery obligations or rights of a Producing Party or a Requesting Party. To the extent additional obligations or rights not addressed in this Protocol arise under the Federal Rules of Civil Procedure, local rules, or applicable state and federal statutes, they shall be controlling. In particular, nothing in this ESI Protocol is meant to impose any obligations on any Producing Party to search, disclose, or produce information protected under federal or state law.

2.3.   The Requesting Party, Receiving Party, and Producing Party, as appropriate, shall meet and confer in an effort to resolve any disputes that may arise under this ESI Protocol, prior to seeking assistance from the Court.

## 3. PROCESSING SPECIFICATIONS

The Producing Party shall collect and process Documents using reasonable methods that preserve available data. In the event the Producing Party converts ESI from its Native Format into TIFF image files prior to

production, the Producing Party shall, to the extent reasonably feasible upon collection, use the following specifications when converting ESI:

   (a)   All tracked changes shall be maintained as last saved, to the extent reasonably feasible upon collection, so that all changes to a Document are evident, unless redactions were necessary to remove privileged material.

   (b)   Author comments shall remain or be made visible, unless redactions were necessary.

   (c)   ESI items shall be processed so as to maintain the date/time shown in the Document as it was last saved by the custodian or end user, not the date of collection or processing (i.e., shall force off Auto Data).

## 4. CUSTODIANS

   4.1.   Plaintiff will search Plaintiff's email accounts, Plaintiff's social media accounts, and Plaintiff's personal electronic devices, including but not limited to cell phones, laptops, desktops, and tablets, for ESI containing the search terms listed in Paragraphs 5.1 and 5.2 and produce all Responsive Documents.

   4.2.   CSU will search, using the search terms listed in Paragraphs 5.1 and 5.3, except as explained in Paragraph 4.3 and 4.4, the email accounts and other electronic files contained on CSU-owned electronic devices of the following CSU employees and produce all Responsive Documents:

   4.2.1.    Joseph Parker
   4.2.2.    Steve Cottingham
   4.2.3.    David Crum
   4.2.4.    Sean Fitzpatrick
   4.2.5.    Jay McMillan
   4.2.6.    Ryun Williams
   4.2.7.    Mark Paquette
   4.2.8.    Josh Sheeran
   4.2.9.    Derek Smith
   4.2.10.   Jadon Dobbins
   4.2.11.   Audrey Swenson
   4.2.12.   Courtney Kavanagh
   4.2.13.   Monica Rivera
   4.2.14.   Ashley Vigil

    4.2.15.     Diana Prieto
    4.2.16.     Jennifer Mayhew
    4.2.17.     Jody Donovan
    4.2.18.     Scott Harris
    4.2.19.     Sean Fitzpatrick
    4.2.20.     Ramsey Crochet
    4.2.21.     Amy Kuehl
    4.2.22.     Brian James
    4.2.23.     Jess Anderson
    4.2.24.     Bret Wagner

4.3.    CSU is not required to search the following employees' accounts and electronic files for the terms "Title IX" or "WGAC":

    4.3.1.     Audrey Swenson
    4.3.2.     Courtney Kavanagh
    4.3.3.     Monica Rivera
    4.3.4.     Ashley Vigil
    4.3.5.     Diana Prieto

4.4.    In the event searches for the following terms result in an unduly burdensome number of search results, CSU shall provide to Plaintiff the total number of results for the relevant term. The parties shall then meet and confer to discuss whether the total is unduly burdensome and whether the relevant term shall be modified or removed:

    4.4.1.     Donor
    4.4.2.     Booster
    4.4.3.     Loge
    4.4.4.     Landmark
    4.4.5.     Harass!
    4.4.6.     "Sexual Misconduct"

## 5. SEARCH TERMS

### 5.1.  Joint Search Terms

| Susie OR Suzie | Wargin | (Mike OR Michael) AND Best |
|---|---|---|
| Abigail | Karla | Lewis |
| Shawn | Sumstine | Savi |
| Spectra | "Sept! 7!" | Grab! |
| Bruise! | Drag! | Bitch |
| "Sept! 21!" | "Oct! 5!" | Hips |
| Thigh | Pockets | Abroad |
| "study abroad" | "study-abroad" | Schell |
| Gretchen | Tribken | |

### 5.2.  Search Terms for Plaintiff's ESI

| Cottingham | Crum | "presidential suite" |
|---|---|---|
| Pantry | "Sept! 5!" | Assault! |
| "sex! Assault!" | Neck /s back | "Oct! 23!" |
| "Oct! 30!" | Reward! | Detective |
| Fitzpatrick | Audrey | Swenson |
| Courtney | Cavanaugh | Rivera |
| (Drop! OR withdraw!) /s (class! OR semester) | Miss /s class! | Athletics /s director! |
| "Sex! Harass!" | "other girls" | Demote |
| Upgrade! | Williams | Policy /s CSU |
| CSUPD | sixth /s (level OR floor) | "luxury suite" |
| Savionne | "women and gender advocacy center" | Harass! |
| "Title IX" | Booster | Donor |
| WGAC | Landmark | Loge |

### 5.3. Search Terms for CSU's ESI

| Katelyn | Schiller | Brunch |
|---|---|---|
| Guidel OR Gudiel | "deliberate! indifferen!" | Blake |
| Phillips | Clem | Report AND "24 hour!" |
| Knudsen | Allow! /s back | "new information" |
| video AND (canvas OR loge OR stadium) | Grop! | Caress! |
| Fail /s report | Delay! /s report | "auxiliary suite" |
| Assault! | Intoxicated | (OEO OR "Office of Equal Employment") AND Schiller |
| Touch! AND (body OR sex!) | Severe AND pervasive | Open /s pocketbook |
| Marquette | (unacceptable OR inappropriate) AND behavior | Loge |
| Donor | Booster | Landmark |
| Harass! | "sexual misconduct" | |

## 6. AMENDMENT OF ORDER

6.1. Nothing herein shall preclude any Requesting Party, Receiving Party, or Producing Party from seeking to amend this ESI Protocol in writing, provided, however, that no Requesting Party, Receiving Party, and/or Producing Party may seek relief from the Court concerning compliance with the ESI Protocol until that Requesting Party, Receiving Party, and/or Producing Party has met and conferred in good faith with the other Requesting Party, Receiving Party, and/or Producing Party involved in the dispute.

6.2. Nothing in this ESI Protocol waives the right of any Producing Party to petition the Court for an Order modifying the terms of this ESI Protocol upon sufficient demonstration that compliance with such terms is either (1) unexpectedly or unreasonably burdensome, or (2) impossible, provided, however, that counsel for such Producing Party must first meet and confer with counsel for the Requesting Party, and the Requesting Party and Producing Party shall use reasonable best efforts to negotiate an exception from or modification to this ESI Protocol prior to seeking relief from the Court.

7.  **ASSERTION OF PRIVILEGE**

Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, the Requesting Party, Receiving Party, and Producing Party hereby agree that a Producing Party may withhold or redact a Document if the Document withheld is protected by attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity from disclosure.

9.1   If a Producing Party identifies portions of a Document and redacts such portions of the Document pursuant to Paragraph 8 of this ESI Protocol, the Producing Party must log the fact of redaction except if such redactions are solely to protect "sensitive personally identifying information" or "SPII" or such redactions concern attorney-client communications occurring after the date of Plaintiff's December 11, 2019, preservation notice.

9.2   Should a Receiving Party be unable to ascertain whether or not a Document contained on the log is privileged or have reason to believe a particular entry on the log is responsive and does not reflect privileged information, the Receiving Party may request a meet and confer, and the Requesting Party, Receiving Party,and/or Producing Party, as appropriate, shall meet and confer about such deficiencies. The Producing Party shall provide additional information necessary for the Receiving Party to determine if the Document has been properly withheldor redacted. If the Requesting Party, Receiving Party, and/or Producing Party, as appropriate, cannot agree on the provision of such additional information, the Receiving Party will promptly move the Court for resolution.

9.3   Privilege logs shall be produced within a reasonable time following production of the first production volume and shall be supplemented within a reasonable time following each subsequent production where production occurs on a rolling basis, or by another date upon agreement of the Requesting Party and the Producing Party. The Requesting Party, Receiving Party, and/or Producing Party, as appropriate, shall meet and confer to reach agreement regarding what constitutes such reasonable time for that privilege log production.

8.  **PROPER BASIS FOR REDACTIONS AND WITHHOLDING DOCUMENTS**

**Redaction or Withholding of Responsive Documents.** Pursuant to Rule 26(b)(5)(A), a party may redact or withhold responsive documents only on

grounds of (1) attorney-client privilege; and (2) protection under the work-product doctrine. If any member of a Document Family is responsive, the Producing Party shall produce all family members and/or portions thereof that are not independently protected as privileged or work-product. Additionally, because of the risk of irreparable harm to individuals, such as identity theft: (1) an otherwise responsive document that contains personal medical or health records not relevant to this litigation or protected by HIPAA, FERPA, personal credit card or personal bank account numbers, social security numbers, or tax identification numbers (together, "sensitive personally identifying information" or "SPII") may be redacted to exclude SPII; (2) a document that is a member of a family that includes one or more responsive documents may be withheld if it contains exclusively SPII.

To the extent documents are redacted or withheld on the above grounds, the redaction legends or placeholder document for a withheld family member should indicate the reason for the redaction as follows:

1) REDACTED – PRIVILEGED or WITHHELD - PRIVILEGED;

2) REDACTED – WORK PRODUCT or WITHHELD –WORK PRODUCT;

or

(3) REDACTED – SPII or WITHHELD – SPII.

## 9. PRESUMPTION OF PRIVILEGE

The parties agree that emails between the Parties and the following domain names or email accounts made on or after September 4, 2020, or text messages to legal staff at these entities and the CSU Office of General Counsel after that date are presumptively privileged and need not be included in a privilege log:

@baumgartnerlaw.com
@rmlawyers.com
@coag.gov
Jannine.mohr@colostate.edu
Jason.johnson@colostate.edu
Jessica.salazar@colostate.edu

10. **INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION (CLAWBACK PROVISION)**

The parties agree that they will take reasonable steps to protect against inadvertent disclosure of materials protected by the work product doctrine, attorney-client privilege, and governmental deliberative process privilege recognized by the federal courts ("protected materials"). The parties also agree that the inadvertent disclosure of protected materials shall not constitute a waiver of the attorney work product doctrine, attorney-client privilege, or the government deliberative process privilege. Any party that discovers it has sent or received protected materials shall immediately notify the opposing party so that appropriate steps to return or destroy the protected materials may be taken. By operation of the parties' agreement, the parties are specifically afforded the protections of Fed. R. Evid. 502(d) and (e). This agreement supplements, and does not supersede, any protections already afforded by Fed. R. Evid. 502 or Fed. R. Civ. P. 26(b)(5)(B).

DATED at Denver, Colorado this __ day of February, 2022.

BY THE COURT:

_____
Hon. S. Kato Crews
Magistrate Judge