IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02702-RM-SKC

KATELYN SCHILLER,

Plaintiff,

v.

THE BOARD OF GOVERNORS OF THE COLORADO STATE UNIVERSITY SYSTEM, et al.,

Defendants.

## RESPONSE TO [149] PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINES

Defendant Board of Governors of the Colorado State University System, acting by and on behalf of the Colorado State University ("CSU" or "the University"), submits this response to Plaintiff's Motion to Extend Discovery Deadlines [149], and states as follows:

1. Plaintiff has repeatedly stated to the Court that she has not received electronically stored information ("ESI") from the University in response to her discovery requests. This is simply untrue. The University has produced 466 pages of ESI. *See Resp. [116] Pl.'s Mot. Compel Produc.* [122]. In total, the University has produced approximately 1,500 pages of documents to Plaintiff.

2. The University has also implemented the searches set forth in the parties' Joint Proposed ESI Protocol [127-1]. These searches returned over 500,000

results. After conferral, Plaintiff submitted a narrower search to the University, which resulted in over 100,000 results. Plaintiff has now submitted a third set of parameters that the University is running.

3. While discovery proceeded, the United States Supreme Court issued its sea change opinion in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562, on April 28, 2022. The Supreme Court ruled that private claimants under Spending Clause statutes, including Title IX, may not recover punitive or emotional distress damages. *Id.* Stated differently, a Title IX plaintiff is now limited to actual damages.

4. Plaintiff has only identified $417.60 in actual damages. *See Pl.'s Objs. Resps. Def.s' Collective Written Disc. Pl. Regarding Damages*, **Exhibit A**, p.6. The actual damages are a direct result of ending her employment with Defendant Ovation Food Services. Plaintiff does not claim *any* actual damages resulting from the actions of the University.

5. As the Court is aware, discovery must be "proportional to the needs of the case," which includes consideration of "the amount in controversy." Fed. R. Civ. P. 26(b)(1). The University does not object to an extension of case deadlines, but any additional discovery should be limited as proportional to the needs of this case. Given the amount in controversy, a digital fishing expedition is simply not warranted.

Respectfully submitted this 18th day of May, 2022.

PHILIP J. WEISER
Attorney General

/s/ *Skip Spear*
Skippere Spear, No. 32601*
Jennifer Hunt, No. 29964*
Lauren Davison, No. 51260*
Patrick Warwick-Diaz, No. 49024*
Jacquelynn Rich Fredericks, No. 39932*
Assistant Attorneys General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, CO 80203
(720) 508-6140; -6215; -6631; -6124 -6603
skip.spear@coag.gov
jennifer.hunt@coag.gov
lauren.davison@coag.gov
patrick.warwick-diaz@coag.gov
jacquelynn.richfredericks@coag.gov

ATTORNEYS FOR DEFENDANT
COLORADO STATE UNIVERSITY
*counsel of record

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **RESPONSE TO [149] PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINES** upon all parties herein by filing copies of same using the ECF System, this 18th day of May, 2022 addressed as follows:

Benjamin DeGolia
Matthew Cron
Ciara Anderson
Rathod Mohamedbhai
2701 Lawrence Street, Suite 100
Denver, CO 80205
*Attorneys for Plaintiff*

Jacqueline R. Guesno
Emely Garcia
Jackson Lewis P.C.
950 17th Street, Suite 2600
Denver, CO 80202
*Attorneys for Defendant Spectra*

Jeffrey S. Pagliuca
Elizabeth B. Pagliuca
Haddon, Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO 80203
*Attorney for Defendant Schell*

Craig A. Silverman
Springer & Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, CO 80202
*Attorney for Defendant Best*

　　　　　　　　　　　　　　　　　*/s/ Jennifer Davis-Weiser*