IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:20-cv-02702-RM-SKC

KATELYN SCHILLER,

      Plaintiff;

v.

THE BOARD OF GOVERNORS OF THE COLORADO STATE UNIVERSITY SYSTEM;
OVATIONS FOOD SERVICES, LP;
MICHAEL BEST; and
SCOTT SCHELL,

      Defendants.

---

MINUTE ORDER RE: PLAINTIFF'S
MOTION TO COMPEL PRODUCTION [DKT. 116]

---

      Plaintiff seeks an order compelling Defendant CSU to search its employees' personal mobile devices used for work purposes and produce text messages or other ESI responsive to her Requests for Production (RFP) Nos. 8 and 9. CSU opposes this for a variety of reasons, to include the breadth of the RFPs and concerns over a Fourth Amendment unlawful search and seizure of its employees' personal mobile devices.

      CSU maintains a Mobile Communications Policy which provides that its employees may either use a mobile device provided by CSU or use their own personal mobile device and receive a stipend if used for business purposes. Plaintiff has produced evidence that Steven Cottingham, David Crum, and Joseph Parker, all current CSU employees, used their personal mobile devices for CSU-related business from time to time. This does not appear to be disputed by CSU and is supported, indirectly, by Declarations from these employees attached to CSU's response. [Dkt. Nos. 122-5 (Cottingham), 122-6 (Crum), 122-7 (Parker), all attesting to searching their personal cellular phones for documents relevant to this lawsuit or responsive to Plaintiff's RFPs.]

1

Because these employees used their personal mobile devices for CSU-business in their respective roles of Deputy Director of Athletics (Cottingham), Senior Associate Director of Development (Crum), and Director of Athletics (Parker), the Court finds CSU "has the legal right to obtain the documents on demand" within the meaning of Fed. R. Civ. P. 34(a). *See In re Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.*, 2013 WL 6486921, at *18 (S.D. Ill. Dec. 9, 2013), order rescinded on other grounds ("The defendants raised the issue that some employees use their personal cell phones while on business and utilize the texting feature of those phones for business purposes yet balk at the request of litigation lawyers to examine these personal phones. The litigation hold and the requirement to produce relevant text messages, without question, applies to that space on employees cell phones dedicated to the business which is relevant to this litigation.").

The Court is not persuaded by CSU's Fourth Amendment argument. This is a civil lawsuit applying the Federal Rules of Civil Procedure, not a governmental search and seizure. The issue of a Fourth Amendment search and seizure does not apply to federal court orders issued under Fed R. Civ. P. 37. Indeed, CSU cites no authority supporting its proposition. And the authority it does cite is inapposite. *See Carpenter v. United States*, 138 S. Ct. 2206, 2221 (2018) (holding, in a criminal investigation, the government must generally obtain a search warrant supported by probable cause before acquiring cell-site location information); *Larios v. Lunardi*, 2016 WL 6679874, at *4 (E.D. Cal. Nov. 14, 2016) (government employer improperly confiscated employees personal cell phone and searched it for evidence of crimes or work-place misconduct).

For these reasons, the Motion to Compel is GRANTED in part. It is granted insofar as Cottingham, Crum, and Parker are concerned because Plaintiff has shown these individuals used their personal devices for business purposes. While these three have declared they personally searched their devices for relevant and responsive data, those searches were not done pursuant to the ESI Protocol. [Dkt. 129.] It is ORDERED that CSU work with these three employees to conduct an ESI Protocol search of their personal mobile devices used for CSU business. The Motion is also GRANTED as concerns CSU employees who were key decisionmakers over Plaintiff's allegations or who were directly involved in the investigation of Plaintiff's allegations, but only to the extent they used their personal mobile devices for work-related purposes. It is ORDERED that CSU work with these employees as well to conduct an ESI Protocol search of their personal mobile devices used for CSU business.

The Motion to Compel is also DENIED in part. Plaintiff's RFP Nos. 8 and 9 are overly broad and unduly burdensome on their face because they each seek communications "relate[d] to the allegations and claims made in the LAWSUIT," and between broad categories of people. *Lipari v. U.S. Bancorp, N.A*, 2008 WL 4642618,

at *2 (D. Kan. Oct. 16, 2008) ("This Court has held on numerous occasions that a discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information."). Moreover, other than Cottingham, Crum, and Parker, Plaintiff has not identified any other CSU employees who utilized their personal mobile devices for work purposes. Thus, other than the categories of employees identified by the Court above, the Motion is DENIED to the extent other broad categories of CSU employees are concerned.

CSU has 21 days to comply with this Minute Order.[1]

DATED: June 9, 2022

---

[1] The parties are advised that within 14 days after service of a copy of this order, any party may serve and file written objections to this order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to do so will result in a waiver of the right to appeal the non-dispositive order.

3